09-2737-ag
Gundogdu v. Holder

BIA
Reid, IJ
A099 759 992

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand ten.

PRESENT:
GUIDO CALABRESI,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

ISMAIL GUNDOGDU,
*Petitioner*,

v.                                        09-2737-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:         Jay Ho Lee, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Shelley R. Goad, Assistant Director; Dalin R. Holyoak, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby

ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ismail Gundogdu, a native and citizen of Turkey, seeks review of a May 29, 2009, order of the BIA affirming the May 5, 2008, decision of Immigration Judge ("IJ") John B. Reid, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ismail Gundogdu*, No. A099 759 992 (B.I.A. May 29, 2009), *aff'g* No. A099 759 992 (Immig. Ct. Batavia May 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

## I.  CAT Relief

Contrary to the government's argument, we find that Gundogdu sufficiently exhausted his CAT claim before the BIA. *See* 8 U.S.C. § 1252(d)(1 (providing that this Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). In his appeal brief, Gundogdu cited the CAT standard and made arguments specific to CAT relief. Although these arguments were somewhat conclusory, the BIA, nonetheless, addressed the IJ's denial of Gundogdu's CAT claim, finding that he had presented no "persuasive arguments on appeal." Under these circumstances, we find that Gundogdu exhausted his challenge to the IJ's denial of CAT relief. *See* 8 U.S.C. § 1252(d)(1); *see also Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994) (finding that if the BIA addresses issues not raised by a petitioner, those issues may be considered exhausted and may be reviewed by this Court). Nonetheless, that challenge fails.

Contrary to Gundogdu's argument, the record does not demonstrate that the agency failed to consider his testimony or the evidence he submitted in finding him ineligible for CAT relief. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471

2

F.3d 315, 338 n.17. Gundogdu claimed to fear torture at the hands of both the Turkish government and the mafia. With respect to Gundogdu's fear that he would be imprisoned in Turkey and tortured in prison, this Court has found it to be insufficient to establish eligibility for CAT relief claims such as this one when the applicant fears being imprisoned in the designated country for violating a generally applicable law but presents only generalized evidence that torture occurs in the prisons there. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

With respect to Gundogdu's fear of the mafia, the agency reasonably determined that the particular single beating Gundogdu endured did not rise to the level of torture. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006). Thus, even assuming that Gundogdu was likely to experience the same mistreatment in the future, that mistreatment by the mafia would not give rise to a meritorious CAT claim. *See* 8 C.F.R. §§ 1208.16(c), 1208.17.

## II. Due Process Claim

Before the BIA, Gundogdu argued that the IJ did not afford him an adequate opportunity to obtain counsel because he failed to take into account the fact that Gundogdu was incarcerated during his proceedings and was unable to speak English. In his brief to this Court, however, he argues that he suffers from mental illness, and that it should have been apparent to the IJ that he was unable knowingly to waive his right to counsel and represent himself. The Government correctly asserts that this argument is "entirely new." Accordingly, we decline to consider it.[1] *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir.

---

[1]We note that although the BIA is without jurisdiction to consider constitutional arguments, it does have jurisdiction to consider challenges to the procedural fairness of removal proceedings. Thus, any such challenge must be raised to the BIA in order to be preserved. *See United States v. Gonzalez-Roque*, 301 F.3d 39, 47-48 (2d Cir. 2002)

2007) (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

To the extent Gundogdu continues to advance the more general argument that the IJ violated his due process rights by not affording him an adequate opportunity to obtain an attorney, that argument fails. In the immigration context, due process requires that the alien be afforded a full opportunity to present his claims. *See Burger v. Gonzales,* 498 F.3d 131, 134 (2d Cir. 2007). Here, the IJ fully explained to Gundogdu what was occurring at every step of the proceedings. He also granted Gundogdu numerous continuances to obtain counsel and to have his evidence translated. At the merits hearing, Gundogdu explained that he had been beaten by the mafia in Turkey and feared future harm because he still owed money to the mafia. He further claimed that he would also be imprisoned for aiding a friend in fraudulently obtaining health insurance, and for illegally obtaining a second passport. Under these circumstances, we find that Gundogdu was given a full and fair opportunity to present his claim. *See Michel v. INS*, 206 F.3d 253, 259 (2d Cir. 2000) (concluding that because the IJ ensured the applicant was fully apprised of what was taking place during the course of his proceedings and continued the proceedings several times to afford the applicant an opportunity to submit complete and accurate information, "the IJ acted, procedurally, exactly as we hope that an IJ would . . . ."); *see also Burger,* 498 F.3d at 134.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk